BARNETTE, Judge.
Plaintiff’s suit for personal injury was brought against United States Fire Insurance Company as insurer of Gallery Circle Theatre, Incorporated, and against The Travelers Indemnity Company as insurer of the owner of the building in which the theater operates. Plaintiff injured her ankle when she stumbled and fell down some steps while exiting from the building in question after attending a performance of the theater group. She was awarded judgment against both defendants, and Travelers was awarded judgment against its codefend-ant based on an assumption of liability by Gallery Circle Theatre, Incorporated, in its lease of the building from the owner. Both insurance companies have appealed.
The judgment of the district court was based on a findjng that the steps on which plaintiff tripped were so constructed as to constitute a trap. We think his finding is well-supported by the evidence. Photographs and testimony established that the steps were crudely constructed and were dangerous to anyone using them. They led from the back row of seats where plaintiff and her party were sitting to an exit from the building. The steps were necessary to descend from the level of the risers on which the seats were placed to the street level of the exit. The treads of the steps were wooden and were not covered with carpeting or rubber matting. The second *515 step down was a platform, or landing, after which there was a turn to the right and two more steps down to the street level. The height of the steps varied. The first step down was approximately seven inches, and the second step down (to the landing) was four and one-half inches. The steps down from the landing were eleven and one-half and twelve and one-half inches respectively. There was no vertical facing between the tread of the first step down from the riser and the edge of the riser. Protruding through this opening by about two inches was the exposed end of a joist to which the flooring of the riser was attached. The protruding member was about five inches from the right side of the opening for the steps.
There was a wall behind the last row of seats along the back edge of the riser. An opening in this wall provided access to the steps at the top of the aisle. A curtain was hung to close the stair opening and had to be held aside in order to pass through the opening. In addition to all of the above, the only light on the steps was that which came from the house lights of the theater behind the exiting patrons and through the curtain.
It is obvious that all of these factors — the varying height of the steps, the absence of the vertical facing, the protruding joist, the obscuring curtain, and the inadequate lighting — combined to create an extreme hazard and was, in legal contemplation, a trap. If this trap was the cause of plaintiffs injury, defendants are liable therefor. LSA-C.C. arts. 670, 2322; Levert v. Travelers Indem. Co., 140 So.2d 811 (La.App.3d Cir. 1962).
Plaintiff testified that at the conclusion of the performance she arose from her seat on the back row next to the curtain which covered the opening to the steps. Someone connected with the theater held the curtain aside, and she started to descend, putting her right foot forward. The heel of her shoe caught on something which caused her to stumble, and she thrust her left foot forward in an attempt to regain her balance. Her left ankle was twisted or sprained when it hit the step, because the full burden of her weight was placed on it while she was off balance. Plaintiff then fell down the remainder of the steps.
On this appeal defendants have not contended that the construction of the steps did not constitute a trap. Rather they have argued that plaintiff failed to prove that such construction was the actual cause in fact of her fall. In support of this contention they point to plaintiff’s inability to testify specifically that she tripped on the protruding joist. From this they argue that she has failed to show what the actual cause was and that only by indulging in speculation could the court below conclude that the joist caused the fall. Appellants concede that circumstantial evidence could establish that it was the protrusion on which plaintiff stumbled, but contend that no certain conclusion can be drawn from the circumstances here. We do not agree.
In the first place, we think it is completely without significance that plaintiff did not testify specifically as to what she trioped on. Had she seen it before stepping, she could have avoided it; and, after taking a serious fall, it would have been unusual for her to go back and examine the steps to attempt to locate the offending impediment. What is significant is the fact that she testified that she stepped with her right foot and that her heel caught on something. In addition, the evidence clearly establishes that the particular obstruction was there in such a position relative to the structure of the step that her right foot would strike it when she stepped down. To conclude that she tripped on the joist is not to engage in judicially improper speculation. Plaintiff presented evidence which tended to establish to a legal certainty the cause of her accident. The court below accepted her evidence and concluded from it that the accident was caused by the faulty construction of *516 the steps. Clearly, it was not manifest error to so find.
The amount of the judgment awarded by the district court has not been attacked by appellants. Since it has not been made an issue, we need not discuss it.
For the reasons assigned, the judgment of the district court is affirmed at appellants’ cost.
Affirmed.