CHASEZ, Judge.
This case arises from two contracts entered into on July 23, 1966 and November 27, 1966 between Freddie A. Hines, defendant-appellee, as owner, and Ray La-roque, d/b/a R & L Construction Siding & Roofing Co., plaintiff-appellant, as contractor, for certain repairs to be performed on a double house bearing municipal numbers 5709-11 North Galvez, New Orleans.
The work was begun in September of 1966 and completed in February of 1967. Upon completion of the work Laroque made demand for the balance due under the contracts which totaled $2,382.00. Hines would not pay Laroque and the latter caused timely materialman’s and laborer’s liens to be filed with the Recorder of Mortgages for Orleans Parish. He subsequently filed suit. The defendant answered denying the allegations and set up an affirmative defense that the work was not done in a proper workmanlike manner and that it would cost him $2,280.00 to correct the errors in workmanship. The defendant offered to pay the difference between $2,382.00 and $2,280.00, or $102.00.
After trial on the merits judgment was rendered in favor of plaintiff Laroque in the amount of $409.50 plus attorney’s fees, legal interest and costs. Plaintiff appealed; defendant answered the appeal seeking to have the judgment reduced to $102.-00.
*467 The principal issue raised by appellant is his contention that the trial court erred in not accepting his expert, Mr. Joseph Whiteman, as an expert contractor.
Mr. Whiteman, in stating his qualifications, stated that he had worked for several contractors as an estimator, and had worked for seven years as an estimator for D. R. Smart until his retirement. He was qualified as an expert estimator but the court refused to allow him to testify as an expert contractor and would not allow Mr. Whiteman to give any testimony concerning whether the work performed by La-roque was properly or improperly done. He was allowed to give his opinion as to whether the cost estimate for the job was correct and to the conditions he found at the job site but was not allowed to evaluate the work as to whether it was performed in a proper, workmanlike manner. He was, concededly, not a licensed contractor and did no contracting himself.
The general rule is that:
“The determination of the question of the competency and qualifications of one offered as an expert witness is addressed to the judicial discretion of the trial judge before whom the testimony is offered, and his ruling in passing on the qualifications of such proposed expert witness will not be disturbed unless the error is clear and involves a misconception of the law * * *” 20 Am.Jur. “Evidence” § 786 at p. 660. Bonilla v. Arrow Food Distributors, Inc., La.App., 202 So.2d 438 (4th Cir. 1967); Carvell v. Winn, La.App., 154 So.2d 788 (3rd Cir. 1963).
Our analysis of Mr. Whiteman’s qualifications are in accordance with that of the trial court, i. e., that Mr. Whiteman is an expert estimator but does not possess that adequate competence in the field of contractors which would allow him to express an opinion as to whether the work involved was performed in a proper, workmanlike manner. We can find no abuse of the trial court’s discretion.
Appellant complains further that the trial court committed reversible error for not stating his reasons for ruling that the expert testimony given by Mr. White-man was inadmissible in conformity with LSA-C.C.P. art. 1636. The answer is simply that the witness was not an expert, was not qualified as a contractor, hence, any “expert” testimony offered by Mr. Whiteman was inadmissible as expert testimony.
Finally, plaintiff argues that it was error to accept the testimony of defendants’ expert witness and in not holding that there was substantial compliance with the contract.
As far as the expert, Mr. William S. Sehenker, is concerned he is a licensed contractor with approximately twenty-five years experience who has built several thousand homes in this area. We find, as did the trial judge, that he was qualified to testify as an expert contractor.
He testified that the job was not done in a workmanlike manner and provided a list of corrections that needed to be made. Among those listed were windows not caulked; windows improperly installed which would necessitate removal and rein-stallation; rear door and thresholds improperly installed and not waterproof. The contract called for acoustical tile throughout but this was used only in two rooms, which necessitates removal of ceiling tile and replacement with acoustical tile; remove and properly install ceiling mould-ing ; paneling improperly installed. A closet was approximately eight inches out of square and there was a crack in the concrete slab in front of the building.
Mr. Sehenker estimated it would cost $2,280.00 to correct the imperfections in the work. After hearing the evidence, the trial judge agreed with Mr. Sehenker’s evaluation of the work with the exception of the cost of the ceiling tile.
*468 In reasons dictated into the record, the trial judge held that there were eight rooms in the double, of which two had been tiled with acoustical tile. Therefore the trial judge reduced the estimate of $965.00 for the ceiling by one-fourth, eliminating $282.50 for the two rooms already having acoustical tile.
He in effect held that there was substantial compliance with the contract for he rendered judgment on the difference between the amount due on the contract, $2,382.00 and the amount necessary to correct the defective workmanship, $1,-997.50. However, we note the amount awarded was $409.50, an obvious error in calculation of $25.00, not noticed by either party. The amount should be $384.50 and we will therefore amend the award by that amount.
We note from the record that the Small Business Association intervened in the suit as mortgagee of the identical property, which mortgage, it is alleged, primes the materialman’s lien filed by Laroque. For this reason the trial court ordered the amount awarded in the judgment to be placed in the Registry of the Court until disposition of that claim.
The amount of $646.60 was deposited in the registry of the Court by defendant, Hines.
However, by joint motion of counsel for the intervenor, Small Business Administration, and for the plaintiff, Ray Laroque, d/b/a R & L Construction Siding and Roofing Company, the petition of intervention filed by the Small Business Administration was voluntarily dismissed with prejudice on September 11, 1970. Therefore, it is unnecessary for the funds to remain in the registry of the Court.
For the foregoing reasons the judgment of the Court a quo of Four Hundred Nine and 50/100 ($409.50) dollars, with legal interest from date of judicial demand and for twenty-five (25%) per cent attorney’s fees and for all costs, is amended to reduce the award to Three Hundred Eighty Four and 50/100 ($384.50) dollars, with legal interest from date of judicial demand and for twenty-five (25%) per cent attorney’s fees and for all costs and is in all other respects affirmed.
Amended and as amended, affirmed.