447 So.2d 75 (1984)
Mr. & Mrs. Francis N. DENTON
v.
C.S. MAMMELLI, XYZ Surety and Bonding Company and ABC Architect.
No. CA 1259.
Court of Appeal of Louisiana, Fourth Circuit.
March 14, 1984.
Harold J. Wheeler, DiRosa & Wheeler, New Orleans, for defendants-appellants.
David W. Oestreicher, II, Oestreicher, Whalen & Hackett, New Orleans, for plaintiffs-appellees.
Before GULOTTA, SCHOTT and LOBRANO, JJ.
SCHOTT, Judge.
This is an action by home owners, Mr. and Mrs. Francis N. Denton, against a building contractor, C.S. Mammelli, for damages for breach of a contract for the construction of the home. From a judgment in favor of plaintiffs for $5,000 defendant has appealed. Plaintiffs have neither appealed nor answered defendant's appeal. In general defendant contends that *76 plaintiffs failed to carry their burden of proof, and, in particular, he contends that the trial court erred in accepting the opinions of plaintiffs' expert witness over those of experts he offered.
The parties entered into a building contract for the construction of a single residence in New Orleans in 1972. In 1978 plaintiff began to discover cracks in the slab and bricks and other defects in the house, and, after calling on defendant to correct the problems and getting no satisfaction, they filed suit in 1980 alleging that defendant failed to perform the contract in a workmanlike manner. The major area of deterioration was in the garage area of the house. Plaintiff contacted Amy Ebrahim, a civil engineer, who inspected the house in June, 1980, and May, 1982, and concluded that the wire mesh had been improperly placed in the garage section of the slab causing the cracks in the slab and bricks in this area of the house. He recommended that the slab in this area be demolished and rebuilt properly and he estimated that the cost of this work along with some necessary incidentals would be $5,000.
To counter Ebrahim's testimony defendant offered two experts, Tom Carter, a contractor with thirty years of experience in building houses; and Frank Chivleatto, the manager of a concrete company with twelve years experience in the business. Carter testified that the problems in the house were not structural but his opinion was based only on photographs of cracks in the house. He never inspected the house and never conducted any study of the slab's integrity. Chivleatto was not permitted by the court to answer whether or not the defects were structural but his opinion that they were not was proffered by defendant.
In written reasons for judgment the trial judge stated:
"This Court is convinced that it is more probable than not that the defendant, C.S. Mammelli, in his capacity as `Contractor' failed to furnish plans and specifications which would guarantee the integrity of the slab of the garage. If not, he failed to follow the plans and specifications. In either event his failure is a breach of his duty to perform in a `workmanlike manner' the contract he made with plaintiffs. Plaintiffs have proved this aspect of their claim to the satisfaction of this Court.
* * * * * *
"When this Court weighs the `expertise' of the two (2) witnesses presented by defendant as opposed to the expert witness presented by plaintiff, this Court finds defendant's witnesses deficient for purposes of this lawsuit and the pertinent issues presented herein. The Court would hasten to add that for purposes irrelevant to this cause, these two witnesses are well qualified as `experts' in the fields for which their expertise is evident."
There is no question about the qualifications of Ebrahim as an expert in civil and structural engineering. His ability to form an opinion as to the nature and reason for the slab's failure was supported academically and empirically. However, defendant contends that the trial court erred in failing to recognize his witnesses as experts and to accept their opinions over Ebrahim's.
Carter was not a civil engineer and had no training or experience in structural engineering. He did have a long and impressive record as a contractor. The court specifically accepted him as an expert contractor but declined to accept him as an expert with respect to structural defects involving engineering. Even so, he was permitted to testify that the defects were not structural, but the trial court gave no weight to this testimony.
As to Chivleatto, his work was primarily concerned with quality control of cement products. He did not pretend to be an expert in civil or structural engineering, but he did inspect the house, and he opined that the cracks in the slab were due to soil subsidence. He also stated that the cracks were not due to structural failure but the trial court did not consider this opinion as evidence.
*77 The trial court is vested with wide discretion in determining the competency and qualification of an expert witness. Ashley v. Nissan Motor Corp. in U.S.A., 321 So.2d 868 (La.App. 1st Cir.1975) writ refused 323 So.2d 478; Bonilla v. Arrow Food Distributors, Inc., 202 So.2d 438 (La. App.4th Cir.1967). Defendant's argument that the trial judge abused such discretion in this case is not supported by the record. Ebrahim, the civil and structural engineer, testified that the problem was structural. In his sound discretion the trial judge would not consider this opinion refuted by statements that the problem was not structural by Carter and Chivleatto when neither of these men even claimed to be structural experts.
They were permitted to express their opinions as to some explanation other than structural but the trial court in weighing these opinions against Ebrahim's decided the case based on the latter. Once again, the record supports this conclusion. As to Carter, while he had an impressive record as a contractor, he simply stated that the hairline cracks he saw in the photographs were due to mortar problems, but he never physically inspected the house. Under these circumstances we are not persuaded that Carter's opinion is necessarily entitled to greater weight than Ebrahim. As to Chivleatto he did not offer an opinion in his field of expertise. Asked for the cause of the cracking he did not offer to explain it on the basis of an improper mix of concrete or a pouring of the slab at an improper temperature or any explanation which he as a cement quality control expert could provide. Instead, he simply blamed the problem on soil subsidence which would not necessarily excuse the slab's failure in any event. On the contrary, the slab had to be designed and constructed to deal with a certain amount of soil subsidence.
Defendant cannot prevail on the basis of Laroque v. Hines, 250 So.2d 465 (La.App. 4th Cir.1971) and Maddox v. Percy, 351 So.2d 1249 (La.App. 1st Cir.1977). In the Laroque case, the expert opinion of an experienced contractor like Carter was received for the purpose of listing numerous defects in a construction job, providing a list of corrections to be made, and estimating the cost of corrections. This is no authority to require that Carter be accepted as an expert in structural engineering. In Maddox, the court was concerned with weighing opinions of two experts in the same field. Here only Ebrahim was qualified in the field which the court considered appropriate.
As to the issue of damages, the only estimate presented to the court was Ebrahim's. The record provides no basis to question the award as an abuse of the trial court's discretion.
Furthermore, the trial court apparently rejected defendant's suggestion that nearby highway construction work caused the damage. We cannot say that this conclusion was manifestly erroneous.
Accordingly, the judgment is affirmed.
AFFIRMED.