505 So.2d 149 (1987)
Avia ROLLINS
v.
ELKS PLACE PROFESSIONAL PLAZA, et al
No. CA-6230.
Court of Appeal of Louisiana, Fourth Circuit.
March 16, 1987.
*150 Gerald J. Leydecker, New Orleans, for plaintiff-appellee.
Madeleine Fischer, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, C. William Bradley, Jr., Lemle, Kelleher, Kohlmeyer, Dennery, Hunley, Moss & Frilot, New Orleans, for defendants-appellants.
Before GULOTTA, BARRY and WARD, JJ.
WARD, Judge.
On the afternoon of May 20, 1980, the fire alarm sounded in the Elks Place Professional Plaza, an office building in downtown New Orleans. Avia Rollins, who was in the reception room of her doctor's office on the fifteenth floor of the building, was advised by the doctor's staff to evacuate the building by means of a fireproof stairwell adjacent to the doctor's office. By design, the elevators had become inoperable when the fire alarm was pulled, and signs directed persons not to use the elevators in such a situation. While descending the stairway along with many other persons, Ms. Rollins fell down several stairs. Although Ms. Rollins could not say why she fell and was not sure exactly where the accident happened, she believed it occurred about midway between the fifteenth floor and the ground level. Ms. Rollins was helped the rest of the way down the stairs by other persons who were evacuating the building. There was no fire, and the cause of the false alarm was never found. Ms. Rollins sustained back injury; subsequent disc fusion surgery was unsuccessful. She sued the owners of Elks Place Professional Plaza, and the jury awarded damages of $211,000. Zurich Insurance Company appeals on behalf of its insured, the owners of Elks Place Professional Plaza. Unable to find manifest error, we affirm.
The jury found in answers to interrogatories that:
1) The building was defective;
2) The owners of the building were at fault in the construction or operation of the building; and
3) The condition of the building and/or the fault of the owner was a cause of the injury and damages sustained by Avia Rollins.
*151 We believe these findings may be summarized as stating that the evidence showed the building owners were both strictly liable to Ms. Rollins and liable to her for negligence.
Although the answers to the jury interrogatories did not indicate in what way the defendants were negligent or in what way the building was defective, in its appeal Zurich contends:
1) The building owners' alleged failure to promulgate an evacuation procedure to the tenants was not a cause of the accident because Ms. Rollins was in fact following the proper evacuation procedure;
2) Sounding of the false fire alarm by an unknown third person is not negligence attributable to the building owners;
3) The fire alarm system was not defective and unreasonably dangerous;
4) The stairway was not defective and unreasonably dangerous, and even if it was, that condition was not a cause of the accident;
5) The Trial Judge should have instructed the jury and submitted interrogatories regarding Ms. Rollins' negligence; and
6) The award of $211,000.00 was excessive.
We affirm the liability of the owners of the building because the evidence supports a finding that the variations in the height of the stair risers was a defect which rendered the stairs unreasonably dangerous to a person of reasonable prudence and caused Ms. Rollins' accident. We need not, therefore, examine the alternative bases of liability which Zurich contests in its appeal. We further hold that there was no evidence that Ms. Rollins was negligent and that the amount of the damages awarded was not an abuse of discretion.
The owner of a building is liable for damages due to personal injuries caused by defects in construction which pose an unreasonable risk of harm to a person exercising reasonable prudence in the use of the premises. La.C.C. art. 2317, 2322. The building owner can escape this strict liability only if he shows the harm was caused by the fault of the victim, by the fault of a third party, or by an irresistible force. Loescher v. Parr, 324 So.2d 441, 447 (La. 1975).
At trial Ms. Rollins presented the expert testimony of two architects to prove that the building was defective. One of them testified that the Building Code for the City of New Orleans, effective in 1974-75 when Elks Place Professional Plaza was built, provides that there shall be no more than three-sixteenths of an inch variation between the heights of successive stair risers. The purpose of this code provision, according to the architect's testimony, is to prevent falls on stairways because as a person traverses a long run of stairs, his or her gait becomes accustomed to a particular riser height and someone confronted with a sudden variation is prone to lose balance and fall. The architects visually examined the stairway upon which Ms. Rollins fell and measured the height of each step on the fifteen story stairway from Dr. Pailet's office to the ground floor. One of the architects testified that as he descended the stairs he almost fell twice because of the great variation in the height of the risers. From their measurements the architects prepared a diagram of the stairway which indicates the height of each riser. The diagram was admitted into evidence and shows that nearly one-third of the steps between the fifteenth and ground floors vary more than 3/16"` in height as compared with the one immediately above. It was the opinion of the senior architect that the variable heights "make the stairway very very dangerous in descending." The two architects who testified for the plaintiff were the only experts to give evidence on the issue of a defect in the building. The defendant building owners called no expert witnesses and offered no evidence to contradict the plaintiff's experts. We cannot say that, given the uncontroverted evidence presented by Ms. Rollins, the jury was wrong in finding the building defective.
*152 It is not every defect, however, which poses an unreasonable risk of harm. In determining whether a property owner should be held strictly liable for injuries caused by a defect in his building, our Supreme Court has said that such liability should be imposed only where it is warranted by moral, social and economic considerations as they relate to individuals and to society as a whole. Entrevia v. Hood, 427 So.2d 1146 (La.1983). In the case before us, Ms. Rollins was injured in a building from which the owners derive income in the form of rentals from tenants. The stairway on which she fell is in a common area of the building, accessible to all members of the public and directly under the control of the owners rather than being rented to a particular tenant. An additional factor weighing heavily in favor of imposing liability is that Ms. Rollins was forced, by an apparent emergency situation, to use the stairwayshe had no choice but to encounter the risk of harm from the defective steps. The fire proof stairway was to be used primarily by persons evacuating the building in a life-threatening situation. We believe that under these circumstances the risk of harm created by a defective stairway could be deemed an unreasonable risk. Hence, we cannot say the jury was wrong in finding the owners of the Elks Place Professional Plaza liable for a defect which posed an unreasonable risk of harm.
In its appeal, Zurich contends that, even assuming the stairway was defective and unreasonably dangerous, the defect did not cause Ms. Rollins' accident. This argument is based primarily upon Ms. Rollins' testimony that she noticed nothing unusual about the stairs and she was unable to say why she fell. We are not persuaded by Zurich's argument based upon this testimony. A variation in heights of stair risers is, we believe, something which a person would not ordinarily notice and remember as a tangible defect. Rather, due to the mind's tendency to develop a sort of automatic rhythmic gait when descending long flights of stairs, a sudden variation would only become apparent when one's foot missed a step and the mental image would most probably be only that of stumbling for no apparent reason. Hence, Ms. Rollins' testimony is entirely consistent with a variation in height of a stair riser being the cause of her fall. Additionally, the architect who testified as to the hazard posed by the stairs also stated, when told of Ms. Rollins' failure to notice anything unusual about the stairs and her inability to say why she fell, that he remained of the opinion that the non-uniformity in the risers may have been the cause of the accident.
Moreover, we agree with the majority opinion in Turner v. Safeco Insurance Co., 472 So.2d 43 (La.App. 1st Cir.1985), a case factually similar to the one before us, in which Judge Cole wrote:
The defendant contends the plaintiff has not shown the exact step on the stairway which caused the fall to occur. Further, the defendant contends the manner in which the defective stairway as a whole caused the fall has not been shown. We deem such a precise showing is not required.
The case of Reynolds v. Texas & P. Ry. Co., 37 La.Ann. 694, 698 (1885), relates the long recognized principle, "... [W]here the [defect] of the defendant greatly multiplies the chances of accident to the plaintiff, and is of a character naturally leading to its occurrence, the mere possibility that it might have happened without the [defect] is not sufficient to break the chain of cause and effect between the [defect] and the injury. Courts, in such matters, consider the natural and ordinary course of events, and do not indulge in fanciful suppositions. The whole tendency of the evidence connects the accident with the [defect]." [citations omitted.]
See also, Bishop v. U.S. Fire Insurance Co., 187 So.2d 513 (La.App. 4th Cir.1966).
Zurich next contends that Ms. Rollins was negligent and that the Trial Court erred in refusing to instruct the jury or submit interrogatories on the issue of contributory negligence in this pre-comparative negligence case. We agree with Zurich's assertion that contributory negligence may constitute victim fault, a defense *153 under appropriate circumstances to a claim based upon strict liability. Dorry v. Lafleur, 399 So.2d 559 (La.1981). Jury instructions and interrogatories on a particular issue are required, however, only when supported by the evidence. It is not error for the trial judge to refuse to give instructions which, correct in the abstract, are not applicable to the case. USF & G v. Sanders Drilling, Inc., 396 So.2d 1353 (La.App. 3rd Cir.), writ denied 401 So.2d 975 (La. 1981). Zurich is unable to point to any evidence in the record, and we can find none, to show that Ms. Rollins was careless in the manner in which she descended the stairs. Ms. Rollins was the only witness who testified about the circumstances immediately surrounding the accident, and she stated that she understood the necessity of evacuating the building quickly and safely. She also said, however, that she was ill at the time and, understandably, in some fear of being trapped in the building which she believed to be on fire. We would be most reluctant to find negligence on the part of any person who was escaping a building following a fire alarm, and we do not find evidence that Ms. Rollins was negligent in this case. Hence, it was not error for the Trial Judge to refuse to give the defendant's requested instructions and interrogatories.
Accordingly, we affirm the jury's verdict as to liability and turn now to the issue of damages. Zurich contends that the award to Ms. Rollins of $211,000.00 was excessive. We disagree.
Ms. Rollins, who was 41 years old at the time of trial, presented evidence showing that she sustained a neck injury which an orthopedic surgeon attempted to repair with a double disc fusion. The fusion did not "take", however, and Ms. Rollins' two treating physicians testified differently as to the advisibility and probable success of further surgery. In any event, Ms. Rollins testified that she is very reluctant to undergo another operation. Ms. Rollins, a kindergarten teacher, testified that she was out of work for the fall semester of 1980. She testified, corroborated by several lay witnesses as well as by her doctors, that she has constant discomfort and that her previously active lifestyle has been limited severely by her injury. She is no longer able to engage in athletic pursuits and requires assistance in many daily activities, both at home and in her job. At the time of trial, she was receiving physical therapy three times a week. Her physicians testified that the prognosis did not indicate significant improvement in Ms. Rollins' condition. Her medical expenses up to the date of trial were stipulated as $21,552.45, and Ms. Rollins proved lost wages of $13,979.50. Hence, of the $211,000.00 lumpsum judgment, $175,468.05 represents future medical expenses and lost wages, loss of earning capacity and general damages. Under the circumstances outlined above, we do not believe the jury abused its great discretion in awarding this amount.
For the foregoing reasons the judgment of the Trial Court is affirmed. Costs to be paid by Zurich Insurance Company.
AFFIRMED.