BYRNES, Judge.
The Saenger Arts Center, Inc. (Saenger) and its insurer, Mutual Fire Marine & Inland Insurance Company appeal the trial court's award of $105,039.00 to Virginia Dupre for lost wages, medical expenses and personal injuries sustained as a result of a fall at the Saenger. We affirm.
On March 22, 1983, Mrs. Dupre, a school teacher, attended a stage production at the Saenger with her fifth grade class. After seating her pupils, she started to descend the balcony stairs to relay a message to a co-worker. She had not gone more than a few steps when she stumbled and fell down the stairs several feet to the landing below. As a result of the fall, Mrs. Dupre suffered fractured wrists, lacerations to her face and forehead, visible facial scarring and permanent partial disabilities to both her hands.
At trial, Mrs. Dupre testified that although she did not know what caused her to stumble, she was certain that no handrails were available to prevent her fall. Uncontroverted testimony also showed that there were no handrails installed on the first three or last five steps of the balcony aisle in which Mrs. Dupre fell. Expert testimony also established that the stairs in the area of the fall varied in tread width by several inches. At the conclusion of trial, the court ruled in favor of Mrs. Dupre and stated in its reasons for judgment that, “[h]er fall was due to the stair tread that was inherently unsafe, without a rail for one to cling to.”
By their first assignment of error, the appellants assert that the trial court erred in finding that there were no handrails at the location where Mrs. Dupre fell. The record does not support this assertion. While Mrs. Dupre did express some initial confusion concerning the precise location of her fall on the schematic diagram presented at trial, she unequivocally testified that at the point of her fall there was “[n]o railing whatsoever”. This statement was corroborated by the only eye witness to the entire incident who testified that she was “absolutely positive” there were no handrails where Mrs. Dupre stumbled. On the basis of this testimony we find no manifest error in the trial court’s factual finding concerning the availability and location of handrails.
Appellants also argue that regardless of whether there were handrails in place at the time of the accident, the construction of the stairs did not pose an unreasonable risk of harm and that the Saen-ger and its insurer should not be held liable for Mrs. Dupre’s damages. Under C.C. Art. 2322, the owner of a building is liable for damages caused by defects in construction which pose an unreasonable risk of harm to persons using the premises. Avia Rollins v. Elks Place Professional Plaza, 505 So.2d 149 (La.App. 4th Cir.1987). At trial, Mrs. Dupre presented a safety expert who testified that he measured the tread widths of the steps at the accident location and found a variance of one-half to one and one-quarter inches on the first three steps. Measurement of the remaining steps on the balcony aisle showed an even greater variance. According to this expert, the difference in tread widths “produces a very hazardous condition for anyone utilizing the stairways ... because, we, as human beings automatically space our feet for [steps with conforming tread widths and risal heights]”. This expert further testified that under the safety standards which he considered applicable, handrails were required to be in place. He also noted that the lack of handrails was “compounded by the fact that the stairs themselves did not comply with any known standard that I know of.”
The appellants attempted to rebut the plaintiff's expert by presenting two of their own experts — one an architect and the other a civil engineer. Both of these experts stated that according to their measurements of the balcony aisle where the accident occurred, the steps were in compliance with all safety standards they found applicable. Moreover, they concluded that the risal height and tread width measurements of the steps in the area of Mrs. Dupre’s fall *839 were well within the safety guidelines for steps which required no handrails. After hearing this conflicting expert testimony, the trial judge chose to give greater weight to the testimony of Mrs. Dupre’s safety expert and found that the steps were inherently unsafe because the tread widths were irregular and the steps lacked handrails.
Where the testimony of experts differs, a conclusion based on that testimony is largely a matter of credibility, and a finding in this regard will not be overturned absent manifest error. Necaise, Inc. v. Vicknair, 391 So.2d 1347 (La.App. 4th Cir.1980). Having reviewed the record, we are convinced that the trial court did not manifestly err in accepting the testimony of Mrs. Dupre’s safety expert and finding that the steps constituted an unreasonable risk of harm.
Additionally the appellants contend that the trial court erred in qualifying Mrs. Dupre’s expert in the field of safety and safety regulations. We disagree. The trial court is vested with wide discretion in determining the competency and qualifications of an expert witness. Denton v. Mammelli, 447 So.2d 75 (La.App. 4th Cir.1984). In the present case, the expert testified that he had received both an associate science degree and a bachelor of science degree in occupational safety and health after having satisfactorily completed over thirteen safety-related courses. Additionally, the expert had taught at least one college-level safety class and had given seminars in safety. He further stated that he had been qualified as a safety expert in over eighty cases in state and federal courts in Louisiana and had co-authored a manual on home and off the job safety. In view of these credentials, we find no abuse of the trial court’s discretion in qualifying this expert in the area of safety and safety regulations.
Appellants further argue that if strict liability is applicable in the instant case, then Mrs. Dupre should be precluded from recovery because of her own fault. Under our case law, a building owner can escape strict liability only if he shows the harm was caused by the fault of victim, by the fault of a third party, or by an irresistible force. Loescher v. Parr, 324 So.2d 441, 447 (La.1976). Appellants herein assert that Mrs. Dupre’s fall was caused solely by her own negligence and inattentiveness in failing to look where she was going. We do not agree.
The record is devoid of any evidence to suggest that Mrs. Dupre failed to exercise due care in descending the balcony stairs. Although the theatre lights were dimmed when Mrs. Dupre went to speak with her co-worker, she testified that everything was clearly visible to her when she stumbled. The shoes she was wearing at the time of the accident, which are part of the record, are flat-heeled and do not appear to be defective. Furthermore, Mrs. Dupre testified that when she stumbled, she looked for a handrail to steadly herself but found none. Under these circumstances, we are unable to say that Mrs. Dupre’s conduct was a substantial cause of her injuries. Rozell v. Louisiana Animal Breeders Co-Op, 496 So.2d 275 (La.1986).
By their last assignment of error, the appellants assert that the trial court abused its discretion by awarding damages totalling $80,000 for permanent disability and disfigurement and past and future pain and suffering. Under the standards set forth in Reck v. Stevens, 373 So.2d 498 (La.1979), a trier of fact is vested with “much discretion” in awarding damages for personal injuries and such awards will not be disturbed absent a clear abuse of this discretion.
In the instant case, the extent of Mrs. Dupre’s personal injuries is well documented in the record. Pictures taken shortly after the accident show both her arms in casts and severe bruising about her face. Expert medical testimony revealed that Mrs. Dupre will have permanent discoloration around her eyes and forehead. The medical testimony further assigned a ten percent permanent partial disability to the right hand and a five percent permanent partial disability to the left hand. Furthermore, Mrs. Dupre wore two arm casts for a six week period during which she was unable to tend to most of her personal needs. *840 She also testified that from the time of the accident “until about the middle of ’84” she continued to require assistance in performing such tasks as dressing and using the bathroom. Moreover, Mrs. Dupre testified that she still experiences sporatic “stinging pains” in her right hand. Considering the extent of her permanent injuries and the pain and suffering which she has experienced in the past, and will likely experience in the future, we find the trial court did not abuse its discretion in awarding Mrs. Dupre $80,000.00 in general damages.
For the foregoing reasons, the judgment of the trial court is affirmed. Cost of this appeal are assessed to the appellants.
AFFIRMED.
WILLIAMS, J., concurs with reasons.