| aCANNELLA, Judge.
Defendant, City of Gramercy (Gramer-cy), appeals from a judgment in favor of plaintiff, Lettie Richardson, assessing damages at $55,415 and apportioning fault against defendant at 40% and against plaintiff at 60%. For the reasons which follow, we affirm.
On October 27, 1992, the Illinois Central Railroad (Illinois Central) was utilizing the Gramercy Council Chambers to process claims arising out of a train derailment case. Plaintiff was requested to appear in the Council Chambers to present her claim against Illinois Central. Plaintiff testified that, after entering the Council Chambers, she was called by an Illinois Central representative, who was seated at the desk where the mayor and council sit during meetings, on a platform higher than where plaintiff was waiting. Plaintiff walked up the steps and went behind the desk where the representative was seated. Plaintiff sat down in a chair on the platform and discussed her derailment claim with the representative for approximately 15 to 20 minutes. Upon completing the [ ^discussion, she got up and started to walk toward the door to leave. When she reached the stairs to descend from the platform area she fell, sustaining injuries. Plaintiff filed suit against Illinois Central and Gramercy to recover for the injuries she sustained as a result of the fall. Following a consent judgment, Illinois Central was dismissed from the case. The trial proceeded only against Gramercy.
Following trial, the trial court found that plaintiff had sustained injuries in the fall because the stairs where plaintiff fell, lack *684 ing a handrail or warning sign, were not intended for public use and were unreasonably dangerous under the circumstances. He also found that plaintiff was partially at fault for the fall. Therefore, the trial court assessed damages at $55,415 and fault at 60% against plaintiff and 40% against Gramercy. It is from this judgment that Gramercy appeals.
On appeal, Gramercy does not contest plaintiffs injuries or the amount of the damage award. Rather, it argues that the trial court erred in finding that the stairs were unreasonably dangerous and that the lack of a handrail was a proximate cause of the fall.
Plaintiff argues that the record amply supports the trial court findings and that the judgment should be affirmed.
In Reed v. Wal-Mart Stores, Inc., 97-1174 (La.3/4/98), 708 So.2d 362, the Louisiana Supreme Court resolved a split in the circuits by holding that the manifest error standard of review is the proper standard to be applied in cases involving findings of unreasonable risks of harm or unreasonably dangerous defects. Thus, the reviewing court may not set aside the factfinder’s findings of fact in the absence of manifest error or unless they are clearly wrong. Where |4there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Rosell v. ESCO, 549 So.2d 840 (La.1989); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring, 283 So.2d 716 (La.1973). The issue to be resolved by the reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder’s conclusion was a reasonable one. Stobart v. State through DOTE, 617 So.2d 880 (La.1993). Thus, where two permissible views of the evidence exist, the factfinder’s choice between them cannot be manifestly erroneous or clearly wrong. Stobart, supra.
In determining whether a defect presents an unreasonable risk of harm, the trier of fact must balance the gravity of the harm against the individual and societal rights and obligations, the societal utility and the cost and feasibility of repair. In other words, the trier of fact must decide whether the social value and utility of the hazard outweigh, and thus justify, its potential harm to others. Reed, supra.
This case ultimately involved a conflict in testimony between the plaintiffs expert and Gramercy’s expert with each, not surprisingly, testifying according to the position of the party who called them.
Plaintiffs expert, Victor Bedikian, testified that there were several defects in the stairs upon which plaintiff fell that made them unreasonably dangerous. There was no handrail that would warn of the stairs or to hold on descent or to grab in case of a fall. There were no warning signs posted and there was no difference in color or material from the platform to the steps. Additionally, there was no highlighting, such as strip tape or stair lights, which would have called |sattention to the steps. He also noted that changes in depth of less than 21 inches, as was the case here between the platform top and the ground, are inherently dangerous, especially where, as here, both levels and the steps are the same color and texture. Plaintiffs expert relied on the Life Safety Code in testifying that handrails were required for stairs such as the ones involved here. He also noted that correction of the described defects would have been simple and inexpensive.
Gramercy’s expert, Michael Frenzel, testified that in his opinion the stairs in question offered “an acceptable level of risk.” He admitted that the stairs could be made safer, but stated that there was nothing wrong with the stairs the way they were. He stated that the Life Safety Code was not the only code used and considered and *685 that other codes did not require handrails for just 2 stairs. Further, he stated that the Life Safety Code only required that the stairs be “readily apparent” and that the handrail requirement was only in the appendix. He agreed with Mr. Bedikian’s statement that levels of less than 21 inches pose a known risk. He also agreed with Mr. Bedikian’s assessment that handrails serve multiple purposes, to hold while descending, as a sign that stairs are present and to recover in the event of a fall. However, he testified that in his opinion the handrailing was not necessary here and felt that the steps were “readily apparent.” Thus, he concluded that the steps here were not defective or unreasonably dangerous.
The trial court questioned Mr. Frenzel about his conclusions, noting that in a similar situation in the court room, for the jury-box and witness stand, people trip all the time. In response, Mr. Frenzel noted that it was a “judgment call.”
Based on the foregoing, as well as the other testimony, the trial court made that “judgment call” and found that the stairs, with no handrail, sign or warning Rposed an unreasonably dangerous risk to the public using these stairs. We hold that Gramercy has not met his burden on appeal of showing that the trial court was manifestly erroneous or clearly wrong in this finding. In fact, the record amply supports the trial court conclusions. In addition to there being no handrailing, sign or other warning of the stairs, the matter was made worse because the platform, stairs and ground level were all the same color and material. There was less than a 21 inch height differentiation between the platform and the ground level, which both experts agree is inherently dangerous, and the steps were not “readily apparent.” When those defects are considered along with their correction being a simple and inexpensive matter, we find no error in the trial court ruling that the stairs were unreasonably dangerous.
Gramercy also argues that the trial court erred in finding that the lack of a hand rail was a cause in fact of the accident. As correctly pointed out by plaintiff, the trial court did not make that narrow finding. Rather, the trial court considered the totality of the circumstances in making' its determination that Gramercy bore 40% of the responsibility for the accident. The trial court considered plaintiffs lack of attention, her carrying her purse in one hand and papers in the other. That is why he found her 60% at fault for the cause of the accident. However, that did not mandate a finding of Gramercy’s lack of fault. After considering the totality of the circumstances, including the plaintiffs contribution to the accident, the trial court still found that the unreasonably dangerous condition of the stairs was a partial cause of the accident and held that Gramercy was 40% liable for plaintiffs damages. We find no manifest error or clear wrong in that judgment.
Accordingly, for the reasons set forth above, the judgment of the trial court 17assessing plaintiffs damages as $55,514 and finding Gramercy to be 40% at fault in causing those damages is affirmed. Cost of appeal are to be borne by Gramercy.
AFFIRMED.
DUFRESNE, J., dissents.