JAMES F. MCKAY III, CHIEF JUDGE
*908 In this action based on negligence, involving a fall on a stairway, the plaintiff, Earline Couvillion, appeals the district court's granting of a summary judgment in favor of the defendants, Riverside Properties, L.L.C. and XYZ Insurance Company.[1] For the reasons that follow, we reverse the district court's judgment and remand the matter for further proceedings consistent with this opinion.
FACTS AND PROCEDURAL HISTORY
On March 11, 2015, at approximately 12:30 p.m., Ms. Couvillion was exiting the stairs of a building owned by Riverside Properties and located at 5200 Coffee Drive, when she fell. The stairs were cement, frayed on their edges and lacked a handrail. As a result of her fall, Ms. Couvillion alleges that she sustained the following injuries and damages: internal derangement, disruption and subligmentous herniation of the L3-L4 intervertebral discs; internal disruption and herniation of the L2-L3 intervertebral discs; straightening of the lumbar lordosis ; acute lumbosacral strain ; laceration, contusion and strain of the left knee; and damage to the L2-L3, L4 and L5 nerve roots.
Ms. Couvillion filed a lawsuit against Riverside Properties and XYZ Insurance Company on March 7, 2016, alleging that the sole and proximate cause of her accident was the negligence of Riverside Properties and/or its agents in the following respects: failing to properly maintain their stairways and keep them safe for pedestrian traffic; failing to install handrails on the stairways; failing to provide for the safety of pedestrian traffic; and other acts of negligence to be shown at the trial of this matter.
On March 13, 2017, Riverside Properties filed a motion for summary judgment, accompanied by a memorandum in support of motion for summary judgment. The matter came before the district court for hearing on August 11, 2017. Following arguments by the parties, the court took the matter under advisement, and on September 18, 2017 it issued a judgment granting summary judgment on behalf of Riverside Properties. It is from this judgment that Ms. Couvillion now appeals.
DISCUSSION
Appellate courts review a grant of a motion for summary judgment de novo using the same criteria district courts consider when determining if summary judgment is proper. Kennedy v. Sheriff of East Baton Rouge, 2005-1418, p. 25 (La. 7/10/06), 935 So.2d 669, 686.
Summary judgment procedure is favored in Louisiana and is designed to secure the just, speedy, and inexpensive determination of a case. La. C.C.P. art. 966(A)(2). "After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(A)(3). The burden of proof remains with the mover, but if the mover does not bear the burden of proof at trial on the issues before the court in the motion *909 for summary judgment, the mover is not required to "negate all essential elements of the adverse party's claim, action, or defense." La. C.C.P. art. 966(D)(1). The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. Id.
In the instant case, Ms. Couvillion submits that there are a number of material factual issues. These include: 1) the stairs were worn; 2) the stairs were required to have handrails; 3) a handrail would have helped the plaintiff; 4) Riverside should have known of the defects in the steps and the lack of a handrail; 5) the damages could have been prevented if Riverside had exercised reasonable care by properly maintaining the steps and by installing a handrail; and 6) Riverside failed to exercise reasonable care. Ms. Couvillion also submitted the affidavit and report of Dr. Fereydoun Aghazadeh, a professional industrial engineer. His report concluded that Ms. Couvillion's injury was due to an unreasonably dangerous condition due to worn out stairs and lack of hand rails.
Louisiana Civil Code Article 2317.1 states:
The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise reasonable care.
"An owner or custodian of immovable property has the duty to discover any unreasonably dangerous condition and to either correct the condition or warn of its existence; the duty is the same regardless of whether fault is asserted under negligence or strict liability." Banks v. New Orleans Sewerage and Water Board, 98-1373 (La.App. 4 Cir. 1/27/99), 728 So.2d 527, 531. Courts in this state have found that conditions such as lack of a handrail, worn stair tread, and broken steps all create unreasonably dangerous conditions. See Dupre v. The Saenger Arts Center, Inc., 508 So.2d 837 (La.App. 4 Cir. 1987) ; Richardson v. City of Gramercy, 99-1162 (La.App. 5 Cir. 4/25/00), 772 So.2d 682 ; and Cazes v. Parish of West Baton Rouge, 97-2824 (La.App. 1 Cir. 12/30/98), 744 So.2d 54.
In the instant case, Ms. Couvillion has raised a number of issues of fact concerning whether or not an unreasonably unsafe condition existed in the premises where she fell. She has also provided this Court with an affidavit and report of an expert stating that her injuries were caused by such an unreasonably, unsafe condition. She has also identified for this Court law and jurisprudence which supports her position. From our vantage point, it appears that genuine issues of material fact do exist and that the defendants were not entitled to judgment as a matter of law. Accordingly, the district court improperly granted summary judgment in favor of Riverside Properties and against Ms. Couvillion.
CONCLUSION
For the above and foregoing reasons, based on our de novo review of the record in this case, we reverse the district court's granting of summary judgment in favor of the defendants, Riverside Properties and XYZ Insurance Company (and against the plaintiff, Ms. Couvillion). We remand the matter to the district court for further proceedings consistent with this opinion.
REVERSED AND REMANDED

A jurisdictional issue is arguably raised as the judgment does not specify what relief is granted, i.e., it does not provide that plaintiff's claims are dismissed. See La. C.C.P. art. 1841 ; Tomlinson v. Landmark Am. Ins. Co., 2015-0276, p. 2 (La.App. 4 Cir. 3/23/16), 192 So.3d 153, 156. However, it is clear from the petition for damages and the motion for summary judgment (and memorandum in support thereof) that dismissal of plaintiff's claim is the only relief that the district court could have possibly granted. Therefore, we will address the merits of the issue on appeal.