GERALD BERCY        *       NO. 2020-CA-0583

VERSUS              *

337 BROOKLYN, LLC     *       COURT OF APPEAL

                            FOURTH CIRCUIT

                   * 

                            STATE OF LOUISIANA

            * * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2018-05722, DIVISION "J"
Honorable D. Nicole Sheppard,
* * * * * *
**Judge Tiffany G. Chase**
* * * * * *
(Court composed of Judge Edwin A. Lombard, Judge Sandra Cabrina Jenkins, Judge Tiffany G. Chase)

Simone R. Nugent
LAW OFFICE OF SIMONE R. NUGENT
511 Baird Drive
Baton Rouge, LA 70119

       COUNSEL FOR PLAINTIFF/APPELLANT

Magen W. Detillieu
Richard Todd Musgrave
MUSGRAVE MCLACHLAN & PENN, LLC
1515 Poydras Street
Suite 2380
New Orleans, LA 70112

       COUNSEL FOR DEFENDANT/APPELLEE

                         **REVERSED AND REMANDED**
                             **MARCH 24, 2021**

*TGC*
*EAL*
*SCI*

This is a premises liability case. Appellant, Gerald Bercy (hereinafter "Mr. Bercy"), seeks review of the trial court's judgment of August 21, 2020, granting the motion for summary judgment filed by 337 Brooklyn, LLC (hereinafter "337 Brooklyn") and dismissing Mr. Bercy's claims with prejudice. After consideration of the record before this Court and the applicable law, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

## FACTS AND PROCEDURAL HISTORY

On June 10, 2017 at approximately 4:00 p.m., Mr. Bercy arrived at a friend's home for a gathering.[1] Mr. Bercy was assisting with grilling for the gathering. The grill was located on an exterior wooden deck, accessed from the home by three wooden steps descending from the back door. The steps are the same color as the deck, did not contain a handrail, and the steps are of slightly differing widths and heights (hereinafter referred to collectively as "the stairs"). Mr. Bercy traversed the stairs several times during the course of the evening; however, later in the

---

[1] The home is owned by 337 Brooklyn.

1

evening, while Mr. Bercy was descending the stairs, he slipped and fell sustaining injuries.

On June 8, 2018, Mr. Bercy filed suit, alleging that 337 Brooklyn failed to discover, correct, and warn of an unreasonably dangerous condition in the stairs. 337 Brooklyn filed for summary judgment arguing that Mr. Bercy could not prove several elements of his premises liability case. It also maintained that if a defect existed, the defect was open and obvious and did not present an unreasonable risk of harm. Mr. Bercy opposed the motion arguing that there existed genuine issues of material fact as to whether the stairs were unreasonably dangerous. In support of his opposition, Mr. Bercy produced an expert report of an engineer who testified that the stairs failed to adhere to established building code standards; thus, creating an unreasonably dangerous condition.

The trial court granted 337 Brooklyn's motion for summary judgment finding Mr. Bercy was aware of potential hazards in the stairs and "failed to exercise reasonable care and caution while traversing the stairs…[a]nd that the condition of the stairs was open and obvious." The court concluded that assuming a defect existed, Mr. Bercy nonetheless failed to present evidence which would establish the necessary element of causation. This appeal followed.

## STANDARD OF REVIEW

"Appellate courts review the grant or denial of a motion for summary judgment *de novo,* employing the same criteria that govern a trial court's determination of whether summary judgment is appropriate." *Maddox v. Howard Hughes Corp.,* 2019-0135, p. 4 (La.App. 4 Cir. 4/17/19), 268 So.3d 333, 337. "[A] motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue of material fact and that

the mover is entitled to judgment as a matter of law." *Romain v. Brooks Restaurants, Inc.*, 2020-0243, p. 3 (La.App. 4 Cir. 11/18/20), --So.3d--, 2020 WL 677890 at *2 (quoting La. C.C.P. art 966(A)(3)).

## DISCUSSION

Mr. Bercy raises two assignments of error. First, he contends that the trial court erred in finding that he did not produce sufficient evidence to establish that a defect in the stairs caused his fall. Second, Mr. Bercy argues that the trial court further erred in its finding that the condition of the stairs was open and obvious, and therefore not unreasonably dangerous. We will address each assignment of error in turn.

The standard for granting a motion for summary judgment is set forth in La. C.C.P. art. 966 (A)(3) which provides, in pertinent part, "a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." In "determining whether an issue is genuine, courts *cannot consider the merits, make credibility determinations, evaluate testimony, or weigh evidence." Fiveash v. Pat O'Brien's Bar, Inc.,* 2015-1230, p. 7 (La.App. 4 Cir. 9/14/16), 201 So.3d 912, 917 (emphasis in original) (quoting *Quinn v. RISO Invest., Inc.,* 2003-0903, pp. 3-4 (La.App. 4 Cir. 3/3/04), 869 So.2d 922, 926).

La. C.C.P. art. 966(D)(1) provides that on a motion for summary judgment, although the burden of proof rests with the mover, if the mover will not bear the burden of proof at trial, the mover must only point out the absence of factual support for one or more elements essential to the adverse party's claim. The burden then shifts to the adverse party who has the burden to produce factual

support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

"A fact is material when its existence or nonexistence may be essential to the plaintiffs [sic] cause of action under the applicable theory of recovery; a fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute." *Chapital v. Harry Kelleher & Co., Inc.*, 2013-1606, p. 5 (La.App. 4 Cir. 6/4/14), 144 So.3d 75, 81. Whether a fact is material is a determination that must be made based on the applicable substantive law. *Roadrunner Transp. Sys. v. Brown*, 2017-0040, p. 7 (La.App. 4 Cir. 5/10/17), 219 So.3d 1265, 1270 (citing *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512, p. 27 (La. 7/5/94), 639 So.2d 730, 751).

In support of its motion for summary judgment, 337 Brooklyn submitted Mr. Bercy's petition for damages, deposition testimony, and pictures of the scene. It argued that there was no defect in the stairs and that the stairs did not present an unreasonable risk of harm. Thus, 337 Brooklyn maintained that Mr. Bercy would be unable to establish a causative (causal) link between his fall and his injuries. The burden then shifted to Mr. Bercy, pursuant to La. C.C.P. art. 966(C)(2), to present specific facts to establish the existence of a genuine issue of material fact.

Mr. Bercy submitted an expert report of a civil engineer, Warren L. Dietz, who identified several defective conditions in the stairs, noting that the stairs did not comply with the 1969 Standard Building Code.[2] Specifically, Mr. Dietz's report pointed out the following: (1) the treads of the stairs were the same color as the flooring of the deck; (2) the stairs lacked handrails; and (3) the actual steps

_____

[2] The structure, located 337 Brooklyn Street, was built in the early 1970's.

4

differed in height and width.[3]  Mr. Bercy contends these violations alone were sufficient to create a genuine issue of material fact as to causation.  We agree.

The stairs were the same color as the deck and differed in height and width. Moreover, there was no handrail, nor any other device, that would have provided stability. The trial court emphasized that Mr. Bercy traversed the stairs several times and had been drinking prior to his fall.  While those factors may have contributed to his fall, we cannot conclusively find that the structural defects of the stairs were not a factor.  We find Mr. Bercy provided sufficient facts to suggest that a defect in the stairs may have contributed to his fall.  The element of causation is fact intensive and determined by the trier of fact who will weigh the evidence presented by the parties.  Thus, we find the trial court erred in finding Mr. Bercy failed to establish causation.

**OPEN AND OBVIOUS**

We now turn to the trial court's finding that the condition of the stairs was open and obvious and therefore not unreasonably dangerous.  Mr. Bercy alleges that his fall and resulting injuries were caused by the negligent, acts, omissions and want of care of 337 Brooklyn. *See* La. C.C. arts. 2317, 2317.1 and 2322. "'A defect, within the meaning of Article 2317.1, is a condition or imperfection in an object that causes it to present an unreasonable risk of injury to persons exercising ordinary care.'" *Maddox*, p. 6, 2019-0135, 268 So.3d at 338 (quoting *Conner v. Kraemer-Shows Oilfield Servs., LLC*, 33 F.Supp.3d 725, 728 (W.D. La. 2014)). "The existence of a defect may not be inferred solely from the fact that an accident

---

[3] Mr. Dietz's report specified the defects as follows: (1) lack of contrast between the treads of the stairs and the deck surface which would fail to contain visual cues that would facilitate improved step identification; (2) lack of handrail on either side of the stairs did not comply with Section 1115.5 of the 1969 Standard Building Code which requires all stairs have walls, well-secured handrails, or guards on both sides of the stairs; and (3) the tread widths and riser heights of the steps did not comply with Section 1115.3 of the 1969 Standard Building Code.

occurred; rather, a plaintiff is required to prove, by a preponderance of the evidence, the existence of a defect and that the defect caused the plaintiff's damages." *Maddox*, 2019-0135 p. 6, 268 So.3d at 338. La. C.C. art. 2322 "specifically modifies liability under Article 2317 with respect to the owner of a ruinous building or defective component part of that building." *Hooper v. Brown*, 2015-0339, p. 6 (La.App. 4 Cir. 5/22/15), 171 So.3d 995, 1000 (quoting *Broussard's v. State of Louisiana through the Office of State Bldgs.,* 2012-1238, p. 8 (La. 4/5/13), 113 So.3d 175, 182). A plaintiff must prove the following elements to recover from such an owner: (1) ownership of the building; (2) that the owner knew, or in the exercise of reasonable care, should have known of the ruin or defect; (3) that the damage could have been prevented by the exercise of reasonable care; (4) that the owner failed to exercise such reasonable care; and (5) causation. *Broussard's,* 2012-1238, p. 8, 113 So.3d at 182-183, citing La. C.C. Art. 2322. Our jurisprudence further requires that a plaintiff show that the ruinous building or its defective component part creates an unreasonable risk of harm. *Id*. (citing *Entrevia v. Hood*, 427 So.2d 1146, 1148-49 (La. 1983)).

The stairs are a component part of the building owned by and in the custody of 337 Brooklyn; thus the threshold question is whether the stairs, a component part, created an unreasonable risk of harm. *See e.g. Hooper*, 2015-0339, p. 7, 171 So.3d at 1000. To determine whether a condition is unreasonably dangerous, a factor to consider is the likelihood and magnitude of harm, including the "obviousness and apparentness" of the condition. *See Carrero v. Mandina's, Inc.,* 2019-0158, p. 6 (La.App. 4 Cir. 8/7/19), --- So. 3d ----, 2019 WL 3719552 at *3 (quoting *Bufkin v. Felipe's, LLC,* 2014-0288, p. 6 (La. 10/15/14), 171 So.3d 851, 856). "Generally, a defendant does not have a duty to protect against an open and

obvious hazard." *Broussard's,* 2012-1238, p. 10, 113 So.3d at 184. For a defect to be considered open and obvious, the danger that creates the defect must be apparent to all, i.e., everyone who may potentially encounter it. *Broussard's,* 2012-1238, p. 23, 113 So.3d at 192. "[A]bsent any material factual issue, the summary judgment procedure can be used to determine whether a defect is open and obvious and thus does not present an unreasonable risk of harm." *Jones v. Stewart,* 2016-0329, p. 14 (La.App. 4 Cir. 10/5/16), 203 So.3d 384, 393.

337 Brooklyn presented photographs depicting the scene, which it contends establish "just a basic stair." 337 Brooklyn also presented the deposition testimony of Mr. Bercy, who had traversed the stairs several times before his fall. Mr. Bercy testified that one had to take one's time going up the steps because there were no railings. 337 Brooklyn argued Mr. Bercy's familiarity with the stairs made their condition open and obvious to him. Assuming that 337 Brooklyn established its prima facie case, the burden shifts to Mr. Bercy to set forth genuine issues of material fact as to whether the stairs were unreasonably dangerous. As stated above, Mr. Bercy presented expert testimony regarding the lack of a handrail, continuity of coloring of the stairs and deck and specifications of the stairs' height and width from Mr. Dietz. Mr. Bercy contended that Mr. Dietz's findings were sufficient to create a genuine issue of material of material fact as to whether the stairs' condition is unreasonably dangerous. Although 337 Brooklyn attempts to refute these arguments by noting that the lack of handrails and lack of tread contrast were open and obvious to Mr. Bercy because he used the stairs before his fall, we find these arguments unpersuasive. The pivotal issue is not whether the condition was open and obvious to Mr. Bercy, who had traversed the stairs several times that day, but whether the condition was open and obvious. Moreover, the

question remains whether the existence of the code violations could have caused Mr. Bercy to fall. 337 Brooklyn submitted argument rather than produce tangible evidence to refute Mr. Bercy's allegations.

In determining whether a genuine issue of material fact exists on a motion for summary judgment, courts cannot evaluate testimony or weigh evidence. *Fiveash*, 2015-1230, p.7, 201 So.3d at 917 (quoting *Quinn*, 2003-0903, pp. 3-4, 869 So.2d at 926). In the case *sub judice,* the trial court weighed evidence and evaluated testimony, finding that the condition of the stairs was open and obvious based solely on Mr. Bercy's deposition testimony. This Court has found that expert testimony is sufficient to create a genuine issue of material fact as to whether a condition was unreasonably dangerous, or open and obvious. *See Dupre v. Saenger Arts Ctr., Inc.,* 508 So.2d 837, 838 (La.App. 4 Cir. 5/12/87) (court accepted testimony of plaintiff's safety expert that a lack of handrails on steps constituted unreasonable risk of harm); *Couvillion v. Riverside Properties., L.L.C.,* 2017-1000, p. 4 (La.App. 4 Cir. 6/20/18), 249 So.3d 907, 909 (testimony of expert engineer regarding worn-out stairs and lack of handrails created a genuine issue of material fact as to the existence of an unreasonably dangerous condition).

We find that Mr. Deitz's report was sufficient to create a genuine issue of material fact as to whether the condition of the stairs was open and obvious. Thus, we find the trial court erred in granting summary judgment finding the condition of the stairs was open and obvious and therefore not unreasonably dangerous.

## CONCLUSION

For the above reasons, we reverse the trial court's granting of summary judgment in favor of 337 Brooklyn and remand the matter to the trial court for further proceedings consistent with this opinion.

**REVERSED AND REMANDED**